NORTHCUTT, Judge.
A.K. was adjudicated delinquent after pleading guilty to two counts of trespass. He challenges the court’s decision to enhance the degree of his crimes based on his membership in a street gang. See § 874.04, Fla. Stat. (Supp.1996). We hold that the State failed to prove that A.K. was a member of a criminal street gang under section 874.03, Florida Statutes (Supp.1996), a necessary prerequisite to application of the enhancement provisions of section 874.04. On remand we direct the court to readjudicate A.K. without enhancing the degree of his crimes. The court may revisit its decision to impose community control, and determine if some other penalty is appropriate.
Section 874.03(2) states that a member of a criminal street gang is a person who belongs to a criminal street gang, as defined in section 874.03(1), and who meets two or more of eight other criteria set forth in the subsection. The State proved that A.K. met two or more of the latter criteria. But it failed to prove that the alleged gang to which he belonged, the Asian Crypts, was a criminal street gang as defined in the statute.
To qualify as a criminal street gang under section 874.03(1), a gang must (1) have as one of its primary activities the commission of criminal or delinquent acts; (2) consist of three or more persons who have a common name or common identifying signs, colors, or symbols; and (3) “have two or more members who, individually or collectively, engage in or have engaged in a pattern of criminal street gang activity.” (Emphasis supplied.)
Thus, to satisfy the third element the gang must include two or more persons who meet the membership criteria set forth in section 874.03(2), i.e., persons who belong to the gang and have engaged in at least two of the other eight activities listed in that subsection, and who have engaged in a pattern of criminal street gang activity.
Detective Sotolongo presented the only evidence about the other alleged members of the gang. A photograph admitted in evidence showed A.K. and several other people. Sotolongo testified that one of the others in the picture had been arrested for a drive-by shooting, but did not name him. In another photograph, A.K. was again pictured with several other people, all of whom were flashing gang signs. Detective Sotolongo identi- *661 fled two of the others, and stated that one had been arrested on battery charges and the other had been arrested for unspecified criminal acts.
This testimony did not establish that the three men mentioned were “members” of a criminal street gang. No evidence was introduced to show that they met two of the criteria enumerated in section 874.03(2). Arguably, two of the alleged members met one of the criteria because the photograph showed them flashing gang hand signs. See § 874.03(2)(d), Fla. Stat. (1995). But meeting one of the criteria is not enough. Because the State failed to prove that the Asian Crypts had two or more members who engaged in a pattern of criminal street gang activity, the group did not qualify as a criminal street gang under section 874.03(1).[1] In turn, because the State did not prove that the Asian Crypts was a criminal street gang under the statute, it did not prove that A.K. was a member of a criminal street gang under section 874.03(2).
Reversed and remanded.
THREADGILL, A.C.J., and GREEN, J., Concur.

. We leave for another day the question of whether evidence of mere arrests is sufficient to establish a "pattern of criminal street gang activity”, which is defined in section 874.03(3) as "the commission or attempted commission of, or solicitation or conspiracy to commit, two or more felony or three or more misdemeanor offenses, or one felony and two misdemeanor offenses, or the comparable number of delinquent acts or violations of law which would be felonies or misdemeanors if committed by an adult, on separate occasions within a 3-year period.”